Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of trespass for an assault and battery, on the trial of which, it appeared that there had been two batteries on the same day.
As there was no new assignment in the replication to the plea of son assault, and as the evidence introduced by the defendant in the action, (plaintiff here,) in support of his plea, applied exclusively to the last battery, the Circuit Judge erred in not excluding the evidence as to the first battery, and in telling the jury, as he in effect did, that they might infer that there had not been two distinct batteries, and that the last was only a continuation of the first.
The parties having been separated and having gone, each out of the sight of the other, into different houses, befoje the commencement of their last rencounter, the jury could have had no pretext for deciding that the last battery was only a continuation of the first.
Had the defendant in error, who was plaintiff in the Circuit Court, been sued for the last battery, he certainly could not have justified by proving the first battery; because, when the last was commenced, there was no impending battery or assault to defend himself against or to repel. And consequently, though the first battery might have mitigated the damages for the last, it could not have justified it.
Wherefore, the judgment must be reversed, and the cause remanded for a new trial.